| | | |
|---|---|---|
| SARAH DEXTER<br>6015 Glen Rock Avenue<br>Fort Washington, Maryland 20744 | *<br><br>* | IN THE |
| Plaintiff | * | CIRCUIT COURT OF MARYLAND |
| vs. | * | **FILED** |
| SUPERVALU, INC.<br>d/b/a/ SAVE-A-LOT<br>6309 Livingston Road<br>Oxon Hill, Maryland 20745<br>*Serve On*: THE CORPORATION<br>TRUST INCORPORATED<br>300 East Lombard Street<br>Baltimore, Maryland 21202 | *<br><br>*<br><br>*<br><br>* | OCT 2 2009<br><br>CLERK OF THE CIRCUIT COURT<br>FOR PRINCE GEORGES COUNTY, MD.<br><br>FOR<br><br>PRINCE GEORGE'S COUNTY |
| and | * | |
| Kwen L. Cheng<br>6369 Livingston Road<br>Oxon Hill, Maryland 20745-3027 | *<br><br>* | 33153<br>CAL09-~~30237~~ |
| Defendants | * | CASE NO.: |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND DEMAND FOR JURY TRIAL

Sarah Dexter, (hereinafter "Plaintiff") by and through her attorneys, Joseph I. Tivvis, Jr. and Joseph I. Tivvis, Jr., P.A., hereby sues Supervalu, Inc. D/B/A Save-A-Lot (hereinafter "Defendant Supervalu") and Kwen L. Cheng (hereinafter "Defendant Cheng") and states as follows:

### Facts Common to All Counts

1. Sarah Dexter is a resident of Fort Washington, Maryland.

2. Supervalu, Inc. at all times relevant to this Complaint was a corporation that regularly conducted business in the State of Maryland and is also known as Save-A-Lot.

3. Kwen L. Cheng is a resident of Oxon Hill, Maryland.

4. At all times relevant to this Complaint, Defendant Cheng owned the property known as 6309 Livingston Road, located in Oxon Hill, Maryland (hereinafter "the property").

5. On or about October 7, 2006, at approximately 12:00 p.m., the Plaintiff was a customer of Supervalu, Inc. and as such was attempting to walk inside of the property.

6. At all times relevant to this Complaint, the floor on which the Plaintiff was attempting to walk was owned and maintained by Defendant Cheng.

7. At all times relevant to this Complaint, the floor on which the Plaintiff was attempting to walk was owned and maintained by Defendant Supervalu, Inc.

8. At all times relevant to this Complaint, there existed a wet spot on the floor in the property.

9. At all times relevant to this Complaint, there were no warning devices, signals, fences, or barriers, to warn pedestrians of the dangerous condition, or to prevent them from slipping on the wet surface.

10. At all times relevant to this Complaint, Defendant Cheng was aware of the dangerous condition and failed to warn Plaintiff despite that knowledge.

11. At all times relevant to this Complaint, Defendant Supervalu was aware of the dangerous condition and failed to warn Plaintiff despite that knowledge.

12. As Plaintiff attempted to walk on the floor and despite exercising reasonable care, Plaintiff did not see the wet spot and slipped on it, causing her to fall and injure herself.

## Count I
### Negligence-Supervalu, Inc.

13. Plaintiff adopts by reference the allegations contained in Paragraphs 1 through 12 of this Complaint, with the same effect as if herein fully set forth.

14. Defendant Supervalu had a duty of care to properly maintain its property in a reasonable condition, so as not to endanger Plaintiff and the general public.

15. Defendant Supervalu breached its duty because it created a dangerous condition, failed to repair the dangerous condition, failed to properly supervise its employees, failed to properly warn pedestrians of the dangerous condition, and was in other ways careless and negligent.

16. As a proximate result of the Defendant Supervalu's negligence, Plaintiff suffered injuries to her body, lost time and wages from her employment, suffered inconvenience, pain and suffering and incurred past medical bills.

17. Defendant had actual and/or constructive notice of the defect.

**WHEREFORE**, this suit is brought and Sarah Dexter claims Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus interest and costs against Supervalu, Inc.

### Count II
### Negligence-Kwen L. Cheng

18. Plaintiff adopts by reference the allegations contained in Paragraphs 1 through 17 of this Complaint, with the same effect as if herein fully set forth.

19. Defendant Cheng had a duty of care to properly maintain his property in a reasonable condition, so as not to endanger Plaintiff and the general public.

20. Defendant Cheng breached his duty because he created a dangerous condition, failed to repair the dangerous condition, failed to properly supervise his employees, failed to properly warn pedestrians of the dangerous condition, and was in other ways careless and negligent.

21. As a proximate result of Defendant Cheng's negligence, Plaintiff suffered injuries to her body, lost time and wages from her employment, suffered inconvenience, pain and suffering and incurred past medical bills.

22. Defendant had actual and/or constructive notice of the defect.

**WHEREFORE**, this suit is brought and Sarah Dexter claims Five Hundred Thousand Dollars ($500,000.00) in compensatory damages, plus interest and costs against Kwen L. Cheng.

Respectfully submitted,

_____
JOSEPH I. TIVVIS, JR. #6820
Joseph I. Tivvis, Jr., P.A.
One North Charles Street, Suite 1215
Baltimore, Maryland 21201
(410) 727-1333
Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff, Sarah Dexter, elects and prays to have this case tried before a jury.

_____
JOSEPH I. TIVVIS, JR