# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SARAH DEXTER | : |
| v. | : Civil No. JKS 10-310 |
| SUPERVALU, INC. d/b/a SAVE-A-LOT | : |

## MEMORANDUM OPINION

Plaintiff Sarah Dexter originally filed this action in the Circuit Court for Prince George's County alleging negligence on the part of Defendant SuperValu, Inc. ECF No. 2. SuperValu removed the action to the United States District Court for the District of Maryland. ECF No. 1. Pursuant to consent of the parties, the case was referred to me for all further proceedings. ECF No. 21. Presently pending and ready for resolution is SuperValu's motion for summary judgment. ECF No. 23. No hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, SuperValu's motion will be granted.

**I. Background.**

The following facts are either undisputed or construed in the light most favorable to Dexter. On October 7, 2006, Dexter was returning home from a shopping trip when she remembered that she forgot to purchase tomato sauce. ECF No. 23, Dexter Deposition at 28. She stopped at a Save-A-Lot store located in Oxon Hill, Maryland. *Id.* While walking through the store she noticed that Save-A-Lot had ground turkey on sale. *Id.* After picking up tomato sauce and ground turkey, Dexter went to the cash register. *Id.* At the cash register, she learned that the meat was even cheaper than she originally thought. *Id.* Dexter paid for additional packages and then returned to the back of the store to retrieve what she had purchased. *Id.*

While walking briskly to the back of the store, Dexter slipped and fell on water coming from an open-air "coffin cooler." *Id.* at 32–33. Dexter did not see the water on the floor until after the fall, and does not know how the water came to be on the floor or how long it had been on the floor. *Id.*

After the fall, a store employee pointed out a wet floor sign located approximately 50 feet away, in front of another refrigeration unit, and speculated that a customer's cart must have moved the sign. *Id.* at 35-37. Charles Carroll, the store manager at the time of the incident, knew that the refrigeration unit 50 feet away from Dexter's fall had been leaking since between 10:00 and 11:00 a.m. that day, and had a caution sign in front of it. ECF No. 24, Carroll Deposition at 13.

## II. Standard of Review.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

**III. Discussion.**

The Court of Appeals of Maryland[1] has adopted the rule in the Restatement (Second) of Torts § 343 (1965) for the general duty a private landowner owes to its invitees. *Deering Woods Condo. Ass'n v. Spoon*, 377 Md. 250, 263 (2003); *Rawls v. Hochschild, Kohn & Co., Inc.*, 207 Md. 113, 117 (1955). Section 343 provides:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect them against the danger.

Thus, a shopkeeper must exercise ordinary care to keep the premises in a reasonably safe condition, and is liable for injuries sustained by a customer in consequence of the failure to do

---

[1] Maryland substantive law applies in this diversity action.

so. *Moulden v. Greenbelt Consumer Services, Inc.*, 239 Md. 229, 231-32 (1965). "However, the proprietor of a store is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the owner arises merely from a showing that an injury was sustained in his store." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118. "To recover in an action for damages, the plaintiff must show that the defendant was guilty of negligence which produced the particular injury alleged." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 118-19.

The burden is on the plaintiff "to show that the proprietor created the dangerous condition or had actual or constructive knowledge of its existence." *Moulden*, 239 Md. at 232; *Rawls*, 207 Md. at 119. To establish constructive knowledge, the plaintiff must show how long the dangerous condition has existed. *Joseph v. Bozzuto Mgmt Co.*, 173 Md. App. 305, 316 (2007) (citing *Maans v. Giant*, 161 Md. App. 620, 632 (2005)). This rule, known as "time on the floor" evidence, is relevant as to notice to the storekeeper, as well as the issue of what care was exercised. *Bozzuto*, 173 Md. App. at 317 (quoting *Maans*, 161 Md. App. at 639-40).

Here, Dexter offers no evidence or argument that SuperValu created or had constructive knowledge of the dangerous condition. She puts forth two arguments to support her claim that SuperValu had actual knowledge of its existence. First, Dexter points to the fact that a wet floor sign was located 50 feet away and the unidentified employee's speculation that a customer's cart must have moved the sign. However, the store manager's testimony that that sign had not been moved but rather had been placed to address a known leak 50 feet away is unrebutted. Mere speculation cannot create a genuine issue of material fact as to whether the sign had originally been placed in front of the unit where Dexter fell.

Dexter next argues that SuperValu had actual knowledge of the spill because it knew that a refrigeration unit located 50 feet away was leaking. She does not explain how a leak in a different unit located a considerable distance away could raise an inference of knowledge of a leak in the unit where she fell, and the court concludes that no reasonable factfinder could draw such an inference.

## IV.  Conclusion.

The evidence is insufficient to enable a reasonable factfinder to conclude that Supervalu had knowledge of the spill that caused Dexter's fall. Accordingly, SuperValu's motion for summary judgment will be granted. A separate order will be entered.

Date:  December 13, 2010                                           /S/
                                                        JILLYN K. SCHULZE
                                                        United States Magistrate Judge